1

2

3

4                        UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7    LINDA AMES,                              Case No. 23-cv-01080-DMR

8              Plaintiff,

9         v.                                 ORDER TO SHOW CAUSE WHY
                                             CASE SHOULD NOT BE
10   WELLS FARGO BANK, N.A.,                 TRANSFERRED

11             Defendant.

12        Self-represented Plaintiff Linda Ames filed a complaint and an application for leave to

13   proceed *in forma pauperis* ("IFP"). [Docket No. 1-3.] The complaint alleges claims related to the

14   2013 foreclosure of property located in Vancouver, Washington against Defendant Wells Fargo

15   Bank, N.A. ("Wells Fargo"). Plaintiff avers the complaint satisfies the requirements of diversity

16   jurisdiction because she resides in Washington, Wells Fargo's principal place of business is in

17   California, and the amount in controversy exceeds $75,000. Compl. ¶¶ 4-6.

18        The court issued an Order to Show Cause ("OSC") in which it took judicial notice of the

19   fact that Plaintiff previously filed a complaint against Wells Fargo alleging similar claims related

20   to the foreclosure and sale of the same real property in Washington. In that case, Wells Fargo

21   removed the action to the United States District Court for the Western District of Washington.

22   The court dismissed the complaint with prejudice based on collateral estoppel, finding that "the

23   legality of the foreclosure and sale of Ames's property, and the allegedly fraudulent activity of the

24   various companies involved in that foreclosure and sale," were identical to issues decided in a

25   prior state court action. *See Ames v. Wells Fargo Bank NA*, No. 3:20-CV-5246-BHS-DWC, 2020

26   WL 6434821, at *2-4 (W.D. Wash. June 9, 2020), *report and recommendation adopted,* No. C20-

27   5246 BHS, 2020 WL 5105458, at *2-3 (W.D. Wash. Aug. 31, 2020) (dismissing complaint with

28   prejudice). The court ordered Plaintiff to explain why her claims in this action are not barred by

United States District Court
Northern District of California

United States District Court
Northern District of California

1    the doctrine of res judicata.  [Docket No. 14 (OSC).]  Plaintiff filed an untimely response to the

2    OSC.[1]  [Docket Nos. 26, 27.]

3        A court may allow a plaintiff to prosecute an action in federal court without prepayment of

4    fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such

5    fees or provide such security.  *See* 28 U.S.C. § 1915(a).  In addition to satisfying the economic

6    eligibility requirement of 28 U.S.C. § 1915(a), a plaintiff seeking IFP status must satisfy review

7    under Section 1915(e)(2)(B) to move forward with their case.  The court is under a continuing

8    duty to dismiss a case filed without the payment of the filing fee whenever it determines that the

9    action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or

10   (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

11   1915(e)(2)(B)(i)-(iii).  To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess

12   whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully

13   pleaded."  *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Courts have the authority

14   to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter

15   jurisdiction.  *Id.* at 1228.  A court can also dismiss a complaint where it is based solely on

16   conclusory statements, naked assertions without any factual basis, or allegations that are not

17   plausible on their face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see also Erickson v.

18   Pardus*, 551 U.S. 89 (2007) (per curiam).

19       In this case, the issue for Section 1915(e)(2)(B) review is whether Plaintiff's claims are

20   barred by collateral estoppel and/or res judicata.

21       As noted, Plaintiff's complaint is based upon the foreclosure of real property located in

22   Washington and Plaintiff lives in Washington.  28 U.S.C. § 1391(b) provides in relevant part that

23   "[a] civil action may be brought in—(1) a judicial district in which any defendant resides, if all

24   defendants are residents of the State in which the district is located; [or] (2) a judicial district in

25   which a substantial part of the events or omissions giving rise to the claim occurred, or a

26

27   _____

     [1] Plaintiff's response to the OSC was due by May 11, 2023.  She did not file a response until May

28   15, 2023.

substantial part of property that is the subject of the action is situated[.]"  28 U.S.C. § 1391(b).

Based on the allegations in the complaint, it appears that venue is proper in the Western District of Washington because that is where "a substantial part of property that is the subject of the action is situated."  There is no indication that Plaintiff's claims have any connection to this district, other than the fact that Plaintiff alleges that Wells Fargo's principal place of business is located here.  Moreover, the Western District of Washington has already examined similar claims by Plaintiff challenging the 2013 foreclosure by Wells Fargo and evaluated the prior state court action and the issue of collateral estoppel.  Accordingly, by no later than October 19, 2023, Plaintiff shall file a statement explaining why this case should not be transferred to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1404(a), which provides that a court may transfer a civil action to any other district "[f]or the convenience of parties and witnesses [and] in the interest of justice."[2]

The court refers Plaintiff to the section "Representing Yourself" on the Court's website, located at https://cand.uscourts.gov/pro-se-litigants/, as well as the Court's Legal Help Centers for unrepresented parties.  Parties may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: October 2, 2023

_____
DONNA M. RYU
Chief Magistrate Judge

---

[2] Plaintiff served Wells Fargo with the summons and complaint even though the court has not yet resolved the OSC and Plaintiff's IFP application.  Wells Fargo appeared and filed motions to dismiss and to declare Plaintiff a vexatious litigant.  [*See* Docket Nos. 18, 24.]  These motions are not yet at issue because the complaint is pending review under 28 U.S.C. § 1915(e)(2)(B).  Accordingly, Wells Fargo shall not respond to the OSC regarding venue pending further order(s) by the court.

United States District Court
Northern District of California