1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LINDA AMES,

                    Plaintiff,

        v.

WELLS FARGO BANK NA,

                    Defendant.

CASE NO. C23-5986 BHS

ORDER

        THIS MATTER is before the Court on defendant Wells Fargo Bank NA's motions

to dismiss, Dkt. 18, and for a vexatious litigant ruling, Dkt. 24, and on pro se plaintiff

Linda Ames's final motion for summary judgment, Dkt. 51. This is at least the fourth

lawsuit Ames has filed seeking to preclude or overturn the 2013 foreclosure of a deed of

trust on her Vancouver Washington home.

## I.   BACKGROUND

        In 2006, Ames borrowed $590,000 from Sierra Pacific Mortgage, evidenced by a

promissory note and secured by a deed of trust on her Vancouver home. *See* Dkt. 19[1] at

---

[1] Wells Fargo's Federal Rule of Evidence 201(b)(2) Request for Judicial Notice, Dkt. 19,
includes documents referenced in Ames's complaint and/or documents that were publicly

1    Exhibits 1, 2. The note was securitized and sold to HSBC Bank and Wells Fargo was the

2    loan servicer. Dkt. 19 at Exhibit 3.

3          Ames defaulted on her loan when she stopped making payments in 2011. *Id*.

4    HSBC commenced a nonjudicial foreclosure in 2012. The foreclosure sale was scheduled

5    for August 9, 2013. *Id*. at Exhibit 5.

6          On August 5, 2013, Ames sued in Clark County Superior Court, seeking to stop

7    the sale. *Id*. at Exhibit 7. Notwithstanding Ames's first lawsuit, the trustee's sale was

8    completed in November 2013. *Id*. at Exhibit 3. Ames did not vacate the property, and an

9    unlawful detainer action was commenced against her in 2014. She asserted again that the

10   foreclosure was wrongful. She lost, appealed, and the Court of Appeals affirmed.

11         In 2015, Ames sued again in Clark County, asserting claims for quiet title and

12   wrongful foreclosure, among other claims. In 2016, the Clark County Superior Court

13   dismissed all her claims on summary judgment. Ames appealed again. In November

14   2019, the Washington Court of Appeals affirmed. Dkt. 19 at Exhibit 3.

15         In March 2020, Ames sued Wells Fargo again in Clark County, asserting wrongful

16   foreclosure, conversion, fraud, and conspiracy claims. Wells Fargo removed the case to

17   this Court. *See Ames v. Wells Fargo*, Cause No 20-cv-5246 BHS-DWC, at Dkt. 1. In

18   August 2020, this Court adopted Magistrate Judge David W. Christel's Report and

19   Recommendation (R&R), concluded that Ames's new claims were precluded by

21   ───────────────

22   recorded. These documents' accuracy cannot reasonably be questioned, and Wells Fargo's
     Request for Judicial Notice is **GRANTED**.

1   collateral estoppel, and dismissed her complaint with prejudice. Dkts. 18 (R&R), 22

2   (Order), and 23 (Judgment). Ames did not appeal.

3        In March 2023, Ames sued a fourth time, this time in federal district court for the

4   Northern District of California. Dkt. 1. She asserts claims for violations of 12 C.F.R. §

5   1026 and California Code § 2941.7, for failure to timely record a satisfaction of

6   mortgage. Dkt. 1. She again asserts "pendant" claims for wrongful foreclosure, fraud,

7   concealment, misrepresentation, and civil conspiracy. *Id.*

8        Ames's new complaint asserts that Wells Fargo told her to stop making payments

9   (in 2011), and contends that she learned only a year ago that the Private Mortgage

10   Insurance (PMI) she was required to purchase actually "satisfied" her mortgage when she

11   defaulted. She asserts that because Wells Fargo recovered the insurance proceeds, it was

12   not entitled to foreclose, and she should be permitted to keep her home despite not paying

13   off her loan. Indeed, she asserts that, based on the insurance payment, Wells Fargo has

14   been "unjustly enriched $770,000." Dkt. 51 at 4.

15        The Northern District of California transferred the case here, over Ames's

16   objections that the dispute should be resolved in California under California law even

17   though the property, the contract, and the sale were all in Washington. Dkts. 32, 33, 36.

18        Wells Fargo's motion to dismiss was initially filed in the Northern District of

19   California, and was re-noted for this Court's consideration after the transfer. Dkt. 18.

20   Wells Fargo argues that Ames's claims are barred by res judicata and/or collateral

21   estoppel, even if they are slightly different than the claims that have been conclusively

22   dismissed in three prior cases. Because Ames has filed multiple lawsuits based on the

1    same set of operative facts, Wells Fargo also seeks an order finding Ames to be a

2    vexatious litigant. Dkt. 24.

3          Ames seeks summary judgment on her claims, arguing that Wells Fargo satisfied

4    her mortgage through the PMI her lender required her to purchase in 2011, and that she is

5    therefore entitled to judgment as a matter of law. Dkt. 51 at 4–11.

6          The issues are addressed in turn.

## II.   DISCUSSION

8          Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a

9    cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

10   theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A

11   plaintiff's complaint must allege facts to state a claim for relief that is plausible on its

12   face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility"

13   when the party seeking relief "pleads factual content that allows the court to draw the

14   reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although

15   the court must accept as true the complaint's well-pled facts, conclusory allegations of

16   law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to

17   dismiss. *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v.*

18   *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "A plaintiff's obligation to

19   provide the grounds of his entitlement to relief requires more than labels and conclusions,

20   and a formulaic recitation of the elements of a cause of action will not do. Factual

21   allegations must be enough to raise a right to relief above the speculative level." *Bell Atl.*

22   *Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This requires a plaintiff to

1    plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*,

2    556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

3            On a 12(b)(6) motion, "a district court should grant leave to amend even if no

4    request to amend the pleading was made, unless it determines that the pleading could not

5    possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal.*

6    *Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in

7    dispute, and the sole issue is whether there is liability as a matter of substantive law, the

8    court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

9            Res judicata, also known as claim preclusion, bars litigation in a subsequent action

10   of any claims that were raised or could have been raised in the prior action. *Owens v.*

11   *Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 713 (9th Cir. 2001). "A final judgment on

12   the merits of an action precludes the parties or their privies from re-litigating issues that

13   were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

14   Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment

15   on the merits, and (3) identity or privity between parties. *Owens* at 713.

16           Collateral estoppel, or issue preclusion, bars the re-litigation of issues actually

17   adjudicated in previous litigation between the same parties. *Clark v. Bear Stearns & Co*.,

18   966 F.2d 1318, 1320 (9th Cir. 1992). Collateral estoppel applies to preclude re-litigation

19   of an issue when the following factors are satisfied: "(1) the issue at stake was identical in

20   both proceedings; (2) the issue was actually litigated and decided in the prior

21   proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the

22

1  issue was necessary to decide the merits." *Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th

2  Cir. 2019) (quoting *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012)).

3      As it did in successfully moving for dismissal in the 2020 case, Wells Fargo

4  argues persuasively that this case is simply another bite at the same apple; Ames is again

5  asserting wrongful foreclosure, fraud, misrepresentation, and conversion claims against

6  Wells Fargo, all arising out of the 2013 foreclosure of her home. Those claims have all

7  been previously asserted, and previously dismissed, with prejudice.

8      Wells Fargo argues that any claim that Ames did not specifically assert in one of

9  her prior cases nevertheless *could have been* asserted previously; they all arise out of the

10  same transaction. Dkt. 31 at 2 (citing *In re Prather*, 50 Cal. 4th 238, 260 (2010) (Moreno,

11  J., concurring) ("'[R]es judicata bars the litigation not only of issues that were actually

12  litigated in the prior proceeding, but also issues that could have been litigated in that

13  proceeding.'" (quoting *Zevnik v. Superior Court*, 159 Cal. App. 4th 76, 82 (2008)).

14      Wells Fargo again argues that Ames waived her core wrongful foreclosure claim

15  by failing to enjoin the sale. It also argues that, even if they had not already been

16  adjudicated, Ames's post-sale "independent" fraud claims are barred by RCW

17  61.24.127(2)'s two year limitations period.

18      Ames's response does not directly address most of these points. She primarily

19  asserts that, under California's "primary rights" doctrine, a plaintiff is permitted "to file

20  as many actions as he has separate and distinct claims." Dkt. 31 at 1 (citing *Brown v*

21  *County of San Joaquin*, 601 F. Supp. 633 (E.D. Cal. 1985)). She contends her claim—

22

1   that when the PMI paid her mortgage after her default, her mortgage was "satisfied"—is

2   new, and is therefore not precluded by the final judgments in her prior lawsuits.

3       The Court does not agree. This "satisfaction" claim is directly related to Ames's

4   prior claims and lawsuits against Wells Fargo arising out of the 2013 foreclosure of the

5   deed of trust she granted as security for her promise to re-pay her loan. It could have been

6   litigated in her initial lawsuit arising out of those facts. It is precluded by res judicata, as a

7   matter of law.

8       The Court also notes that Ames's "satisfaction" argument is not a viable claim,

9   even if it was raised in her first lawsuit. PMI protects the lender from the increased risk of

10  default, either because the borrower has poor credit or because the borrower does not

11  have a sufficient down payment. It is not insurance for the benefit of the borrower that

12  pays off her mortgage if she defaults, and then obviates the need for the borrower to pay

13  back her loan. It would be a bizarre result indeed if a borrower who was forced to

14  purchase PMI could default, and then claim the mortgage was "fully satisfied" because

15  the PMI paid the lender when the borrower could not. As a result, the borrower would not

16  have to repay the loan and the security would revert to the borrower. Ames has cited no

17  authority supporting this theory, and there is none. Such a scheme would incentivize

18  borrowers to default. This claim is not viable, as a matter of law.

19      For these reasons, Wells Fargo's motion to dismiss this case as precluded by the

20  final judgments in three prior cases arising from the same events is **GRANTED**. Ames's

21  claims are **DISMISSED** with prejudice and without leave to amend.

22

1    The Court will not yet enter a vexatious litigant bar order based on Ames's

2  repeated efforts to litigate the same claims. The motion for entry of such a bar order is

3  **DENIED** without prejudice. Any future complaint arising out of this same transaction

4  will be assigned to this Court as related to the prior two cases. The Court may re-visit the

5  issue in that event.

6    Ames's motion for summary judgment is **DENIED** as moot.

7    The Clerk shall enter a **JUDGMENT** and close the case.

8    **IT IS SO ORDERED**.

9    Dated this 8th day of January, 2024.

10

11

12    BENJAMIN H. SETTLE
    United States District Judge

13

14

15

16

17

18

19

20

21

22